MARÍA CRISTINA FIGUEROA O'NEILL ET AL., Plaintiffs and Appellants, v. HEIRS OF ANTONIO CARRASQUILLO CARRIÓN ET AL., Defendants and Appellees.

No. 10677. Argued October 1, 1952.—Decided October 24, 1952.

*Faustino R. Aponte* for appellants. *J. C. Rivera* for appellees.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

In September, 1951 plaintiffs María Cristina, Petra and Miguel Antonio Figueroa O'Neill, the latter represented by his father with *patria potestas*, Justino Figueroa, brought an action of filiation which pertained to their mother Luisa O'Neill, by filing a complaint in the Humacao Section of the former District Court of Puerto Rico, and which was later transferred to the Caguas Section of the same Court, directed against the heirs of Antonio Carrasquillo Carrión, who are his widow Carmen Dones and her children Antonia, Miguel and Víctor Manuel Carrasquillo Dones. In said complaint the following was substantially alleged: That Anto-

1

nio Carrasquillo Carrión and Petrona O'Neill being both unmarried, with legal capacity and without any impediment whatsoever to contract marriage, were known to have lived in concubinage as husband and wife and under the same roof, prior to and during her pregnancy, and at the time that Luisa O'Neill, plaintiffs' mother, was born, which was on January 1, 1903; that said Luisa O'Neill enjoyed the uninterrupted possession of the status of natural daughter of her father Antonio Carrasquillo Carrión, which was justified by direct acts executed by the latter and his family; that the aforesaid Antonio Carrasquillo Carrión died on June 11, 1951 under open will, in which he instituted defendants as his sole and universal heirs; that at his death said decedent left abundant wealth and that Luisa O'Neill contracted marriage with Agustín Figueroa having given birth to three legitimate children who are plaintiffs herein; that the mother of the latter, Luisa O'Neill, died on February 1, 1936 leaving the widower and plaintiffs as her sole and universal heirs. The complaint ends with the prayer that plaintiffs' mother, Luisa O'Neill, be declared the acknowledged natural daughter of Antonio Carrasquillo Carrión and that his will be annulled inasmuch as it omitted plaintiffs as heirs and assignees of their aforesaid mother Luisa O'Neill.

In a motion filed by defendants, they requested the dismissal of the complaint, among other reasons, because the different claims joined therein did not state facts constituting a cause of action. The court *a quo* sustained said motion on the ground that the action brought by plaintiffs had prescribed, and consequently, rendered judgment dismissing the complaint.

Plaintiffs took the present appeal from that judgment, assigning the following as the sole error committed by the court *a quo:*

"The District Court of Puerto Rico, Caguas Section, committed manifest error in holding that plaintiffs' action had prescribed."

Applying the doctrine established in *Torres* v. *Heirs of Cautiño*, 70 P.R.R. 614, the court *a quo* held that "It is alleged in the complaint that Luisa O'Neill having been born on January 1, 1903, celebrated her 21st birthday on January 1, 1924 and her action prescribed on January 1, 1939, that is, 15 years after she had attained her majority." [1]

Appellants allege that the court *a quo* thus committed error in deciding that the present action had prescribed. They are correct, although on different grounds than those alleged by them.[2] The doctrine of *Torres* v. *Heirs of Cautiño, supra,* is inapposite to the case at bar. There we held that an adulterine child born between the years 1902 and 1911 could avail himself of the 15-year prescriptive period after the child's majority, fixed for personal actions by § 1864 of the Civil Code in regard to § 40 of the Code of Civil Procedure to bring an action of filiation. It is true that in said case and by way of *dictum*, we implied that the aforesaid prescriptive period was also applicable to the children born between said years who had the status of natural children, but said *dictum* has been expressly overruled in *Fuentes* v. *District Court*, 73 P.R.R. 893 [3] where we held:

"*Torres* v. *Heirs of Cautiño*, 70 P.R.R. 614, dealt with an adulterine child. It was held that § 199 of the Civil Code of 1902 did away with the historical distinction between the na-

---

[1] The question whether the personal action of filiation is transmitted to the heirs of the person who is entitled to bring the action is not involved in this proceeding. The parties and the court *a quo* thus assume it. However, see *Gastón* v. *Heirs of Franceschi*, 43 P.R.R. 285. The judgment appealed from bears, therefore, the conclusion that plaintiffs should have brought this action within the prescription period granted by the law to their ancestor Luisa O'Neill to file suit, that is, within the 15 years after she attained her majority.

[2] Plaintiffs' argument is to the effect that their right to sue arose when their mother Luisa O'Neill died in 1936 and that inasmuch as at that time they were minors, the statute of limitation was interrupted until they attained their majority, pursuant to the provisions of § 40 of the Code of Civil Procedure. However, we need not consider that argument in order to decide this case.

[3] The judgment appealed from was rendered prior to the date on which we made clear and set aside the *dictum* in *Torres* v. *Heirs of Cautiño, supra.*

tural child and other illegitimate children but that upon approving in the year 1911 Act No. 73 (§ 194, § 126 of the present Civil Code), said distinction was reestablished and, although a limitation period for natural children was fixed, none was established for adulterine children. It was held therefore, that the latter could avail themselves of the 15-year prescriptive period, after their majority, fixed by § 1864 of the Civil Code for personal actions in connection with § 40 of the Code of Civil Procedure. However, in the course of its opinion, by way of *dictum* and upon commenting *Ortiz* v. *Heirs of Stella, supra,* which referred to a natural child, this Court seems to imply that the limitation period of 15 years computed after the majority of age is also applicable to natural children. (pp. 621 and 622 in *Torres* v. *Heirs of Cautiño.*) As we have previously stated, Act No. 73 of 1911 actually fixed a specific prescriptive period for natural children, that is, it provided that the natural children could establish action for their recognition during the life of the presumptive parents or a year beyond their death. Therefore, § 1864 of our Civil Code which provides that personal actions that do not have a special term of prescription, shall prescribe after 15 years is not applicable to a natural child as is the case herein, inasmuch as the action of filiation of a natural child has a special term of prescription under said Act No. 73 of 1911. The afore-mentioned *dictum* set forth in *Torres* v. *Heirs of Cautiño, supra,* is incompatible with this opinion and, therefore, it must be considered overruled. The 15-year limitation period computed after his majority is not applicable to a presumptive natural child as the one involved herein. He is governed by the prescription period established in § 126 of our Civil Code."

The facts alleged in the complaint established that Luisa O'Neill, plaintiffs' mother, enjoyed the status of natural child and that her father Antonio Carrasquillo Carrión died on June 11, 1951. Inasmuch as the complaint herein was filed in September of that same year 1951, the action was brought within a year after Carrasquillo Carrión's death, and therefore, it had not prescribed, pursuant to the provisions of § 126 of the Civil Code which states that the action for the recognition of natural children can only be established during the life of the presumptive parents and a year

beyond their death, except in certain instances, which we need not mention here.

The judgment appealed from is reversed and the case remanded to the court *a quo* for further proceedings.

Mr. Chief Justice Todd, Jr., did not participate herein.

